**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ASHER BRONSTIN, individually and on behalf of all others similarly situated

*Plaintiff,*

v.

UNITED DEBT SETTLEMENT, LLC

*Defendant.*

Case No. 1:26-cv-06697 (AS)

**DEFENDANT UNITED DEBT SETTLEMENT, LLC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

Defendant United Debt Settlement, LLC ("UDS") answers the Class Action Complaint (ECF No. 1) (the "Complaint") filed by Plaintiff Asher Bronstin ("Plaintiff") as follows.

## GENERAL RESPONSES

UDS denies every allegation in the Complaint unless this Answer specifically admits it. This includes allegations in headings, subheadings, unnumbered paragraphs, footnotes, the chart following Paragraph 35, the Prayer for Relief, and the Jury Demand. Unless otherwise stated, references in this Answer to "Paragraph" or "¶" are to the numbered paragraphs of the Complaint. The Complaint's headings are reproduced below for convenience only. To the extent any heading contains factual allegations, UDS denies them. Where a paragraph states a legal conclusion, no response is required. To the extent a response is required, UDS denies it. Where a paragraph characterizes a statute, regulation, or judicial decision, UDS refers the Court to that authority for its full and accurate contents and denies any characterization inconsistent with it.

## PRELIMINARY STATEMENT

Plaintiff is a professional TCPA litigant. Since September 2023, he has filed at least 28 federal TCPA proceedings, including this one, in at least eleven federal districts. Four of the others were filed in this District, two of them pro se. Plaintiff's other proceedings are:

| No. | Defendant | Court | Case No. | Filed |
|---|---|---|---|---|
| 1 | Clear Link Insurance Agency, LLC | C.D. Cal. | 8:23-cv-01742 | 09/19/2023 |
| 2 | Vert Lake Elsinore, LLC | C.D. Cal. | 8:23-cv-01745 | 09/19/2023 |
| 3 | Solcius, LLC | C.D. Cal. | 8:23-cv-02255 | 11/30/2023 |
| 4 | Purekana LLC | D. Ariz. | 2:24-cv-00792 | 04/09/2024 |
| 5 | Sutton Funding LLC | E.D.N.Y. | 2:24-cv-04116 | 06/10/2024 |
| 6 | LifeMD, Inc. | S.D.N.Y. | 1:24-cv-06277 | 08/20/2024 |
| 7 | ViaSat, Inc. | M.D. Pa. | 1:25-cv-00927 | 05/26/2025 |
| 8 | Servbank SB | N.D. Ill. | 1:25-cv-06182 | 06/03/2025 |
| 9 | Jane Technologies, Inc. | M.D. Pa. | 1:25-cv-01083 | 06/13/2025 |
| 10 | Palmetto Solar, LLC | W.D.N.C. | 3:25-cv-00426 | 06/18/2025 |
| 11 | Upstart Network, Inc. | M.D. Pa. | 1:25-cv-01410 | 07/29/2025 |
| 12 | EF Education First, Inc. | D. Mass. | 1:25-cv-12685 | 09/20/2025 |
| 13 | Southern California Edison Co. | C.D. Cal. | 8:25-cv-02334 | 10/16/2025 |
| 14 | AMRK Enterprises Inc. (pro se) | S.D.N.Y. | 1:25-cv-09320 | 11/07/2025 |
| 15 | Lending Force LLC | E.D. Mich. | 2:25-cv-13564 | 11/09/2025 |
| 16 | Synergy Business Solutions DE, LLC | S.D. Cal. | 3:25-cv-03267 | 11/24/2025 |
| 17 | Dash Capital Inc. | E.D. Mich. | 5:26-cv-10001 | 01/01/2026 |
| 18 | Camelback Administrative Group | D. Ariz. | 2:26-cv-01767 | 03/14/2026 |
| 19 | Phoenix Education Partners | D. Ariz. | 2:26-cv-03400 | 05/14/2026 |
| 20 | EZ Advance LLC (pro se) | S.D.N.Y. | 1:26-cv-04393 | 05/22/2026 |
| 21 | Upstart Network, Inc. (misc. proceeding) | M.D. Ala. | 2:26-mc-04052 | 05/28/2026 |
| 22 | Ixonia Bank | E.D. Wis. | 2:26-cv-00970 | 05/30/2026 |
| 23 | Fast Business Financial LLC | C.D. Cal. | 2:26-cv-05835 | 06/01/2026 |
| 24 | Heinsohn Ins Agency LLC | C.D. Cal. | 8:26-cv-01483 | 06/10/2026 |
| 25 | Yanchewski & Wardell Enterprises, Inc. | S.D. Cal. | 3:26-cv-04474 | 08/05/2026 |
| 26 | Polaris Business Strategic Advisors Inc. | S.D.N.Y. | 1:26-cv-07121 | 08/20/2026 |
| 27 | Harlev Plumbing and Remodeling, Inc. | C.D. Cal. | 2:26-cv-11144 | 09/25/2026 |

Plaintiff's filings have accelerated, from three in 2023 and three in 2024 to ten in 2025 and twelve in 2026. In 2026 alone, he has filed a new TCPA action roughly every three weeks. Several

of his cases ended within weeks or months of filing, by voluntary dismissal or settlement, before any ruling on the merits. See, e.g., Nos. 12, 14, 16, 17, and 18 above. The pattern is consistent with claims pursued for early settlement value.

This history bears directly on this case. It bears on Plaintiff's claim that the telephone numbers at issue are residential lines, on whether Plaintiff invited or consented to the communications he now sues over, and on whether he can serve as a typical and adequate class representative.

## RESPONSES TO NUMBERED ALLEGATIONS

**Preliminary Statement (¶¶ 1–3)**

1. Paragraph 1 contains Plaintiff's characterization of the TCPA and its legislative history, to which no response is required. To the extent a response is required, UDS refers the Court to the statute and its legislative history and denies any characterization inconsistent with them.

2. Paragraph 2 quotes a judicial decision and characterizes federal regulations. No response is required. To the extent a response is required, UDS refers the Court to those authorities and denies any characterization inconsistent with them.

3. UDS admits that Plaintiff purports to bring this action under the TCPA. UDS denies that it violated the TCPA and denies that Plaintiff or any putative class member is entitled to any relief.

**Parties (¶¶ 4–5)**

4. UDS lacks knowledge or information sufficient to form a belief about the truth of Paragraph 4 and therefore denies it.

5. UDS admits that it is a limited liability company with its principal place of business in New York, New York.

**Jurisdiction and Venue (¶¶ 6–7)**

6. UDS admits that Plaintiff purports to assert claims under the TCPA and that this Court has federal question jurisdiction over those claims. UDS denies that Plaintiff has Article III standing to pursue every claim and form of relief alleged, and denies that any putative class member has standing.

7. For purposes of this action only, UDS does not contest personal jurisdiction or venue in this District. UDS denies all remaining allegations of Paragraph 7.

**The Telephone Consumer Protection Act (¶¶ 8–15)**

8. Paragraph 8 states legal conclusions or characterizes the TCPA and its implementing regulations. No response is required. To the extent a response is required, UDS refers the Court to 47 U.S.C. § 227 for its full and accurate contents and denies any characterization inconsistent with it.

9. Paragraph 9 states legal conclusions or characterizes the TCPA and its implementing regulations. No response is required. To the extent a response is required, UDS refers the Court to 47 C.F.R. § 64.1200 for its full and accurate contents and denies any characterization inconsistent with it.

10. Paragraph 10 states legal conclusions or characterizes the TCPA and its implementing regulations. No response is required. To the extent a response is required, UDS refers the Court to 47 C.F.R. § 64.1200 for its full and accurate contents and denies any characterization inconsistent with it.

11. Paragraph 11 states legal conclusions or characterizes the TCPA and its implementing regulations. No response is required. To the extent a response is required, UDS refers the Court to 47 U.S.C. § 227 and 47 C.F.R. § 64.1200 for their full and accurate contents and denies any

characterization inconsistent with them. UDS specifically denies that it "promoted" or caused any call "on [its] behalf" in violation of the TCPA.

12. Paragraph 12 states legal conclusions or characterizes the TCPA and its implementing regulations. No response is required. To the extent a response is required, UDS refers the Court to 47 C.F.R. § 64.1601(e) for its full and accurate contents and denies any characterization inconsistent with it.

13. Paragraph 13 characterizes the TCPA and its implementing regulations. No response is required. To the extent a response is required, UDS refers the Court to 47 C.F.R. § 64.1601(e)(1) for its full and accurate contents and denies any characterization inconsistent with it.

14. Paragraph 14 states a legal conclusion to which no response is required. To the extent a response is required, UDS denies it.

15. Paragraph 15 states legal conclusions to which no response is required. To the extent a response is required, UDS denies them.

**Plaintiff's Allegations (¶¶ 16–51)**

16. UDS lacks knowledge or information sufficient to form a belief about the truth of Paragraph 16 and therefore denies it.

17. On information and belief, UDS denies the allegations of Paragraph 17.

18. On information and belief, UDS denies the allegations of Paragraph 18.

19. On information and belief, UDS denies the allegations of Paragraph 19.

20. UDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21. UDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them.

22. UDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them.

23. UDS denies the allegations of Paragraph 23.

24. UDS denies the allegations of Paragraph 24.

25. UDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and therefore denies them.

26. UDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and therefore denies them.

27. UDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27 and therefore denies them.

28–29. UDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 28 and 29 and therefore denies them.

30. UDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them.

31. UDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and therefore denies them.

32. UDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 and therefore denies them.

33. UDS denies the allegations of Paragraph 33.

34. On information and belief, UDS denies the allegations of Paragraph 34.

35. UDS lacks knowledge or information sufficient to form a belief as to whether Plaintiff received any call or text message from the numbers listed in Paragraph 35, and therefore denies those allegations. UDS denies that the calls "all came from" UDS and denies that all of the listed numbers are associated with UDS. UDS lacks knowledge or information sufficient to form a belief about the "dips" Plaintiff's counsel performed, including when they were performed, and therefore denies those allegations. UDS denies all remaining allegations of Paragraph 35.

36. UDS denies the allegations of Paragraph 36.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, UDS denies them. UDS specifically denies that text messages are "telephone calls" or "telephone solicitations" actionable under 47 U.S.C. § 227(c)(5).

38–40. UDS denies the allegations of Paragraphs 38 through 40.

41. UDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies them.

42–44. UDS denies the allegations of Paragraphs 42 and 43. UDS lacks knowledge or information sufficient to form a belief about Plaintiff's subjective state of mind alleged in Paragraph 44 and therefore denies it.

45–48. UDS denies the allegations of Paragraphs 45 through 48. To the extent these paragraphs allege Plaintiff's subjective reactions, UDS lacks knowledge or information sufficient to form a belief about their truth and therefore denies them.

49–51. UDS denies the allegations of Paragraphs 49 through 51.

**Class Allegations (¶¶ 52–69)**

52. UDS incorporates its responses to all preceding paragraphs.

53. UDS admits that Plaintiff purports to bring this action under Federal Rule of Civil Procedure 23. UDS denies that class treatment is appropriate.

54. UDS admits that Plaintiff purports to define three classes. UDS denies that any proposed class is ascertainable, properly defined, or certifiable.

55. UDS denies the allegations of Paragraph 55.

56. Paragraph 56 describes Plaintiff's proposed exclusions, to which no response is required. To the extent a response is required, UDS denies that any class should be certified.

57–65. UDS denies the allegations of Paragraphs 57 through 65, including each subpart of Paragraph 64. UDS admits only that Plaintiff purports to seek injunctive relief and money damages, as Paragraph 58 states.

66. UDS lacks knowledge or information sufficient to form a belief about the experience and resources of Plaintiff's counsel and therefore denies the allegations of Paragraph 66. UDS denies that Plaintiff or his counsel will adequately represent any class.

67–68. UDS denies the allegations of Paragraphs 67 and 68.

69. UDS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them.

**Count I (¶¶ 70–74)**

70. UDS incorporates its responses to all preceding paragraphs.

71–74. UDS denies the allegations of Paragraphs 71 through 74. UDS denies that Plaintiff or any putative class member is entitled to statutory damages, treble damages, or injunctive relief.

**Count II (¶¶ 75–85)**

75. UDS incorporates its responses to all preceding paragraphs.

76–77. Paragraphs 76 and 77 state legal conclusions to which no response is required. To the extent a response is required, UDS refers the Court to 47 C.F.R. § 64.1601(e) and denies any characterization inconsistent with it. UDS denies that any private right of action exists to enforce that regulation.

78–81. UDS denies the allegations of Paragraphs 78 through 81.

82. UDS incorporates its responses to all preceding paragraphs.

83–85. UDS denies the allegations of Paragraphs 83 through 85.

**Count III (¶¶ 86–90)**

86. Paragraph 86 states legal conclusions to which no response is required. To the extent a response is required, UDS denies them.

87–90. UDS denies the allegations of Paragraphs 87 through 90.

## RESPONSE TO PRAYER FOR RELIEF

UDS denies that Plaintiff or any putative class member is entitled to any of the relief requested in the Prayer for Relief, including Paragraphs A through E, or to any relief at all.

## RESPONSE TO JURY DEMAND

Plaintiff's jury demand requires no response. UDS denies that Plaintiff is entitled to a jury trial on any issue for which a jury is not available, including injunctive relief.

## AFFIRMATIVE AND OTHER DEFENSES

UDS asserts the following defenses without assuming any burden of proof that the law places on Plaintiff. UDS reserves the right to amend these defenses as discovery proceeds.

### First Defense
### (Failure to State a Claim)

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Defense
### (No Private Right of Action, Count II)

No private right of action exists to enforce the caller identification requirements of 47 C.F.R. § 64.1601(e).

### Third Defense
### (Text Messages Not Actionable Under § 227(c))

Text messages are not "telephone calls" or "telephone solicitations" within the meaning of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c) and (d).

### Fourth Defense
### (Not a Residential Telephone Subscriber)

Plaintiff was not a "residential telephone subscriber," and the numbers at issue were not residential telephone lines. On information and belief, Plaintiff used the numbers for business purposes and held himself out as a person seeking assistance with business debt.

**Fifth Defense**
**(Lack of Standing)**

Plaintiff and the putative class members lack Article III standing to the extent they suffered no concrete and particularized injury fairly traceable to UDS. Plaintiff lacks standing to seek prospective injunctive relief.

**Sixth Defense**
**(Prior Express Invitation or Permission; Consent)**

Plaintiff's claims are barred to the extent the communications were made with the prior express invitation or permission of the called party or a person authorized to give it.

**Seventh Defense**
**(Established Business Relationship; Inquiry)**

Plaintiff's claims are barred to the extent the communications fall within the established business relationship or inquiry exemption. 47 C.F.R. § 64.1200(f)(5).

**Eighth Defense**
**(Safe Harbor)**

Plaintiff's claims are barred to the extent any communication to a number on the national do-not-call registry resulted from error notwithstanding reasonable practices and procedures established and implemented to comply with the national do-not-call rules. 47 C.F.R. § 64.1200(c)(2)(i).

**Ninth Defense**
**(Compliance with Internal Do-Not-Call Rules)**

Plaintiff's claims are barred to the extent any communication followed a do-not-call request within the processing period 47 C.F.R. § 64.1200(d) permits, or followed a request made from a different number.

**Tenth Defense**
**(No Direct or Vicarious Liability)**

UDS did not initiate some or all of the communications alleged. Any such communications were initiated by third parties acting outside the scope of any authority from UDS, and UDS is not directly or vicariously liable for them.

**Eleventh Defense**
**(No Willful or Knowing Violation)**

UDS did not willfully or knowingly violate the TCPA or its regulations. Treble damages are therefore unavailable.

**Twelfth Defense**
**(Statute of Limitations)**

Claims arising more than four years before August 5, 2026 are time-barred under 28 U.S.C. § 1658(a). This includes the claims of any putative class member.

**Thirteenth Defense**
**(Consent by Conduct; Invited Injury; Failure to Mitigate)**

Plaintiff invited, solicited, prolonged, or failed to mitigate the communications he alleges. Any recovery should be barred or reduced accordingly.

**Fourteenth Defense**
**(Unclean Hands, Estoppel, Waiver)**

The doctrines of unclean hands, estoppel, and waiver bar Plaintiff's claims for equitable relief, in whole or in part.

**Fifteenth Defense**
**(Injunctive Relief Unavailable)**

Injunctive relief is unavailable. No ongoing violation exists, Plaintiff has an adequate remedy at law, and the requested injunction is overbroad and fails to comply with Federal Rule of Civil Procedure 65(d).

**Sixteenth Defense**
**(Class Treatment Improper)**

This action cannot proceed as a class action. Individualized questions predominate, including consent, residential status, subscriber identity, the sender of each communication, and opt-out history. Plaintiff is subject to unique defenses that make him atypical and inadequate under Federal Rule of Civil Procedure 23(a)(3) and (a)(4).

**Seventeenth Defense**
**(Not a Telephone Solicitation or Telemarketing)**

Some or all of the communications were not "telephone solicitations" or "telemarketing," and none was made to a residential telephone subscriber, including, on information and belief, because they concerned business debt and responded to Plaintiff's own request or inquiry.

**Eighteenth Defense**
**(No Duplicative Recovery)**

Plaintiff and the putative class members may not recover more than once for the same communication under overlapping counts or regulations.

**Nineteenth Defense**
**(Due Process)**

An aggregated statutory damages award that is grossly disproportionate to any actual harm would violate the Due Process Clause of the Fifth Amendment.

**Twentieth Defense**
**(Good Faith)**

UDS acted in good faith and with reasonable grounds to believe its conduct complied with the TCPA.

**Twenty-First Defense**
**(Setoff)**

Any recovery must be reduced by amounts Plaintiff or class members received from any other person or entity for the same communications, including through settlement.

**Twenty-Second Defense**
**(Arbitration)**

To the extent Plaintiff or any putative class member agreed to arbitrate, or to waive class proceedings, their claims are subject to that agreement. UDS reserves its right to compel arbitration.

**Twenty-Third Defense**
**(Fewer Than Two Actionable Calls)**

Plaintiff cannot establish that he received more than one actionable telephone call within any twelve-month period by or on behalf of UDS, as 47 U.S.C. § 227(c)(5) requires.

**Reservation of Rights.** UDS reserves the right to assert additional defenses that discovery reveals.

## REQUEST FOR RELIEF

UDS respectfully requests that the Court (a) dismiss the Complaint with prejudice; (b) deny class certification; (c) enter judgment in UDS's favor; (d) award UDS its costs and any fees permitted by law; and (e) grant such other relief as the Court deems just and proper.

Dated: Brooklyn, New York
October 26, 2026

Respectfully submitted,

By: */s/ Denis Vorontsov, Esq.*
DENIS VORONTSOV, ESQ.
Lead Trial Counsel
VORONTSOV LAW FIRM PLLC
1599 E 15th St, Ste 4
Brooklyn, NY 11230
Tel. (212)295-5838
Fax (212)295-5839
Email: dv@vlf.law

*Attorney for Defendant*
*United Debt Settlement, LLC*

TO: All Counsel of Record via CM/ECF