P. PERRONG LAW LLC

1669 Edgewood Road, Suite 218
Yardley, PA 19038

a@perronglaw.com Tel. (215) 225-5529 (CALL-LAW)
www.perronglaw.com Fax (888) 329-0305

November 4, 2026

*VIA ECF*

The Honorable Arun Subramanian
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Bronstin v. United Debt Settlement, LLC*, No. 1:26-cv-06697 (AS)

Dear Judge Subramanian:

Pursuant to the Court's Notice of Initial Pretrial Conference (ECF No. 5) and Paragraph 4.D of the Court's Individual Practices, Plaintiff Asher Bronstin ("Plaintiff") and Defendant United Debt Settlement, LLC ("UDS") jointly submit this letter motion in advance of the November 12, 2026 initial pretrial conference. Plaintiff's proposed Civil Case Management Plan and Scheduling Order is attached as Exhibit A, and UDS's proposed Civil Case Management Plan and Scheduling Order is attached as Exhibit B. The parties respectfully request that the Court grant the motion and enter a Civil Case Management Plan and Scheduling Order.

**1. Nature of the Action, Principal Defenses, and Major Issues**

***Plaintiff's Position:*** This is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Plaintiff alleges that UDS sent telemarketing text message calls and placed voice calls promoting its debt relief services to his two residential telephone numbers, both registered on the National Do Not Call Registry. Compl. ¶¶ 17-20, 38. Multiple of these calls were sent after the Plaintiff replied "STOP" on March 14, 2023, despite repeated stop requests. *Id.* ¶¶ 22-32, 41. None of the eighteen calling numbers transmitted UDS's name as caller identification. *Id.* ¶¶ 35-36. Plaintiff asserts claims under the national do-not-call rule, 47 C.F.R. § 64.1200(c)(2), the internal do-not-call rules, *id.* § 64.1200(d), and the telemarketing caller identification rule, *id.* § 64.1601(e), each enforceable through 47 U.S.C. § 227(c)(5), on behalf of a National DNC Class, an Internal Do Not Call Class, and a Telemarketing Caller ID Class. Compl. ¶ 54. He seeks statutory damages of up to $500 per violation, trebled for willful or knowing violations, and injunctive relief.

The major issues are whether UDS or a vendor acting on its behalf initiated the communications, whether Plaintiff's numbers are residential, whether UDS maintained and followed internal do-not-call procedures and honored Plaintiff's stop requests, whether the communications transmitted compliant caller identification, willfulness, and class certification.

***Defendant's Position:*** UDS denies that it violated the TCPA. Plaintiff is a professional TCPA litigant who has filed at least 28 federal TCPA proceedings since September 2023, including

this one. Answer at 2–3 (ECF No. 12). Plaintiff sought help with business debt, and the communications concerned commercial debt. *Id.*, Fourth and Seventeenth Defenses. UDS disputes that Plaintiff's numbers are residential, that he did not invite the contact, and that UDS or its agent sent the messages alleged. *Id.*, Sixth, Seventh, Tenth, and Thirteenth Defenses. Consent, residential status, and attribution turn on individualized proof, which defeats certification. *Id.*, Sixteenth Defense.

**2. Jurisdiction and Venue**

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368 (2012). Venue is proper under 28 U.S.C. § 1391(b)(1) because UDS, a limited liability company, has its principal place of business in New York, New York, and resides in this District. UDS admits as much and does not contest personal jurisdiction or venue. Answer ¶¶ 5, 7 (ECF No. 12).

**3. Existing Deadlines**

UDS answered the Complaint on October 26, 2026 (ECF No. 12). The initial pretrial conference is set for November 12, 2026 at 2:00 p.m. (ECF No. 5). Initial disclosures are due November 17, 2026, fourteen days after the parties' Rule 26(f) conference. Fed. R. Civ. P. 26(a)(1)(C). There are no other existing deadlines.

**4. Outstanding Motions**

There are no outstanding motions. Plaintiff anticipates seeking entry of a protective and ESI order in this litigation. UDS does not oppose a confidentiality order based on the Court's model or a Rule 502(d) order, but opposes an ESI protocol as premature until the Court resolves the scope and sequence of discovery.

**5. Discovery**

No discovery has taken place. The parties held their Rule 26(f) conference on November 3, 2026.

***Plaintiff's Position:*** Meaningful classwide negotiations require information showing who sent the communications and the size of the putative classes, including UDS's outbound call and text records for the class period, class records identifying which calling numbers in the Complaint were used by or for UDS, its agreements with any lead generators, calling or texting vendors, and carriers, its internal do-not-call list, opt out records, policies, and Registry scrubbing records, any consent records it attributes to Plaintiff, and any applicable insurance agreement. Some records may require third party subpoenas. Plaintiff opposes Defendant's proposal to bifurcate discovery as unnecessarily duplicative. Courts routinely refuse to bifurcate discovery in TCPA cases where, as here, the plaintiff's claims are the same as the class claims, and that class discovery will turn on the same books, records, and evidence as individual discovery, for the reason that such proposals unnecessarily cause the parties to duplicate their work, are inefficient, lead to unnecessary disputes as to the discovery that is proper for "class" and "merits" discovery.

***Defendant's Position:*** UDS asks the Court to phase discovery, with Plaintiff's individual claims first. Fed. R. Civ. P. 16(c)(2)(F), 23(c)(1)(A), 26(b)(1), 26(d)(3). Three threshold issues can end this case without class discovery: whether UDS or its agent sent the messages, whether Plaintiff's numbers are residential, and whether he invited the contact. Each turns on Plaintiff's own phone, carrier, and billing records, his communications with UDS, and his prior demands and testimony about the same numbers. Plaintiff instead seeks classwide outbound records before showing that UDS sent him a single message. That burden is unwarranted if his claims fail at the

threshold. Phasing duplicates nothing: individual discovery is needed regardless, and class discovery waits until it is needed, if ever. Under UDS's schedule (Exhibit B), individual discovery closes June 18, 2027, followed by summary judgment on Plaintiff's claims and, if any claim survives, a proposed class schedule within 30 days of decision. If the Court declines to phase, UDS asks that the Court set a class certification deadline.

**6. Status of Settlement Discussions**

Plaintiff has served a written settlement demand on UDS. UDS received Plaintiff's individual demand on October 21, 2026 and has responded. UDS is willing to discuss resolving Plaintiff's individual claims.

**7. Alternative Dispute Resolution**

The parties confirm that they have discussed alternative dispute resolution.

***Plaintiff's Position:*** Plaintiff believes a privately retained mediator would be most productive, and that mediation would be appropriate promptly after UDS produces the class records described in Section 5.

***Defendant's Position:*** UDS proposes a settlement conference before Magistrate Judge Moses on Plaintiff's individual claims after Plaintiff's deposition. UDS does not agree that ADR should await classwide production, or to bear the cost of private mediation at this stage.

**8. Other Information**

***Plaintiff's Position:*** UDS contends that text messages are not "calls" actionable under § 227(c)(5) (Third Defense). A text message is a "call" under the TCPA, including as decided by this Court, *Wilson v. Better Mortg. Corp.*, 811 F. Supp. 3d 631, 643 (S.D.N.Y. 2025). Plaintiff also alleges nine voice calls. UDS also contends that § 64.1601(e) is not privately enforceable (Second Defense). The rule was adopted under § 227(c) and is enforceable through § 227(c)(5). *See Dobronski v. Selectquote Ins. Servs.*, No. 2:23-CV-12597, 2025 WL 900439, at *3 (E.D. Mich. Mar. 25, 2025).

***Defendant's Position:*** UDS maintains each defense pleaded in its Answer (ECF No. 12) and will address those defenses, and Plaintiff's authorities, on a proper motion.

Respectfully submitted,



Andrew R. Perrong, Esq.
Counsel for Plaintiff

/s/ Denis Vorontsov
Denis Vorontsov, Esq.
Counsel for Defendant